IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TREMANE WOOD, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-10-0829-HE |
| | ) |
| CHRISTE QUICK, Warden, | ) |
| Oklahoma State Penitentiary, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Tremane Wood has moved for relief from judgment in this case pursuant to Fed.R.Civ.P. 60(b)(6), arguing that the court procedurally erred in reaching its conclusion that his trial counsel had not provided ineffective assistance of counsel. Petitioner contends that the motion is a true Rule 60 motion and not a second or successive habeas petition because it only seeks to correct an error which occurred during the prior habeas proceedings.

**I. Introduction**

After a jury trial in 2004, petitioner was found guilty of first-degree felony murder, robbery with firearms, and conspiracy to commit a felony. He was sentenced to death for the felony murder. Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). He has also filed four applications for post-conviction relief, all of which have been denied by the OCCA.

This case was filed in 2010 — shortly after the first application was denied by the OCCA — and raised ten grounds for relief, the first of which was ineffective assistance of

trial counsel. Petitioner raised this claim in both his direct appeal and his first application for post-conviction relief. In the appeal, petitioner argued that his trial counsel was ineffective due to a failure to investigate his background, to present mitigating evidence during the sentencing portion of his trial, and by failing to impeach one of the accomplices to the crimes. The OCCA granted petitioner's motion for an evidentiary hearing and the trial court thereafter held a three-day hearing during which twenty-five witnesses testified. The OCCA concluded that trial counsel was not ineffective under the Strickland standard. On habeas review, this court agreed. Doc. #100. The court was affirmed by the Tenth Circuit, Wood v. Carpenter, 907 F.3d 1279 (10th Cir. 2018) and the Supreme Court denied certiorari. Wood v. Carpenter, 139 S. Ct. 2748 (2019).

In petitioner's first application for post-conviction relief, he argued that newly discovered evidence demonstrated the ineffectiveness of trial counsel and that the outcome of his trial would have been different if certain evidence had been admitted by the trial court. With respect to the ineffective assistance of counsel claim, he pointed to evidence that his trial counsel was involved in contempt proceedings in unrelated cases two weeks after the evidentiary hearing ordered by the OCCA and to an affidavit that his trial counsel had been suspended from the practice of law two months after the same hearing. These events appear to have been triggered by trial counsel's "client neglect, abuse of drugs and alcohol and emotional instability." Wood v. Oklahoma, No. PCD-2005-143, Order Denying Application for Post-Conviction Relief, *5 (Okla. Crim. App. June 30, 2010) [Doc. #35-4, p. 68]. While evidence had been presented in another case that "trial counsel's secretary noticed an increase in trial counsel's consumption of alcohol around the time of

Wood's trial", the OCCA denied petitioner's application stating: "Without proof trial counsel was suffering from his addiction during Wood's trial, evidence of trial counsel's subsequent struggles with substance abuse and other difficulties does not prove or show that he was more than likely incapacitated or ineffective during Wood's trial." *Id.*

The OCCA also noted that what Wood was challenging with the post-conviction application was "plainly of the same sort as other specific attorney errors subject to the performance and prejudice test set for in Strickland." *Id.* Ultimately, the OCCA concluded: "Nothing in the materials provided by Wood about his trial counsel's subsequent personal and professional difficulties calls into doubt our prior finding that trial counsel rendered effective assistance of counsel to Wood or convinces us to revisit that decision and order a new trial." *Id.* at *6.

In his petition to this court, petitioner presented the same arguments that had been presented on his direct appeal: that the trial court erred in excluding evidence from licensed clinical social worker Kate Allen about petitioner's childhood development and experiences and that trial counsel was ineffective for failing to investigate and present mitigating evidence during the penalty phase of his trial. The petition also contended that "circumstances surrounding [trial counsel's] life during his representation warrant additional consideration by [] the court in reviewing the IAC claim." Doc. #35, p. 57. These conditions included an "excessive" caseload as trial counsel began to battle a substance abuse problem. It alleged that around the time of petitioner's trial, counsel had begun to consume beer during business hours in his office. *Id.*, p. 58. The petition was also supported by an affidavit from trial counsel stating that he was defensive during the

3

evidentiary hearing due to a pending bar investigation and that he did not do the necessary investigation and preparation required for the case. Doc. #35-1, p. 9-10. The petition did not directly allege ineffective assistance of counsel due to substance abuse or addiction.

Ultimately, this court concluded "that petitioner has not shown that the OCCA rendered a decision on his trial counsel ineffectiveness claim which is unreasonable under Section 2254(d)." Doc. #100, p. 31. In his present motion, petitioner contends that the court erred in reaching this conclusion because it did not fully review the ineffective assistance of counsel claim that was included in his first application for post-conviction relief and denied by the OCCA on June 30, 2010.

## II. Rule 60(b)(6)

> Rule 60(b)(6) allows federal courts to relieve a party from a judgment for any reason — other than those in the five enumerated preceding categories — that justifies relief. We have described Rule 60(b)(6) as a grand reservoir of equitable power to do justice in a particular case. Although the rule should be liberally construed when substantial justice will thus be served, relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances.

Johnson v. Spencer, 950 F.3d 680, 700-01 (10th Cir. 2020) (quotations and citations omitted. "Relief under Rule 60(b)(6) is appropriate when circumstances are so unusual or compelling that extraordinary relief is warranted, or when it offends justice to deny such relief. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir. 1996) (quotations and citation omitted). "Thus, the broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." 11 Charles A. Wright, Arthur

4

R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, (citing <u>Ackermann v. United States</u>, 340 U.S. 193, 198 (1950)).

### III.  Discussion

Petitioner argues that the court failed to "discharge its independent obligation to apply § 2254(d) to the OCCA's last-reasoned decision denying the penalty-phase IAC claim on initial postconviction review." Doc. #130, p. 2. He contends that the court only addressed the ineffective assistance claim as it was addressed by the OCCA in his direct appeal. Petitioner asserts the case must be reopened some eight years after the court entered its judgment and four years after the Supreme Court denied certiorari on the Tenth Circuit's affirmance of the court's judgment. The court is unpersuaded.

Notably, petitioner acknowledges in his reply that his petition did not argue ineffective assistance of counsel due to the substance issue. *See* Doc. #130, p. 6. While the petition did argue in passing that substance use, in addition to an excessive caseload, was a contributing factor to counsel's alleged ineffectiveness in investigating and presenting mitigating evidence, substance abuse was not the basis for the claim in the petition. Petitioner argues, "however, it is the solemn task of the federal habeas court — not the parties — to independently ensure § 2254(d)'s proper application of a federal claim's merit, especially in a capital case that carries life and death consequences." *Id.* at 6-7. But petitioner's argument would create a system in which a petitioner could attack their underlying conviction an unlimited number of times simply by leaving arguments out of their original petition. This scenario has already been addressed:

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied; or a motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006).  Because the substance of petitioner's argument as now advanced falls squarely within these circumstances, the court concludes that the motion is a second or successive habeas petition.  Petitioner was aware of the denial of the post-conviction application when he filed the original petition.  He relied on that denial as part of his arguments in support of his third and eighth grounds for relief.  And he acknowledged that his ninth ground for relief — that the evidentiary hearing ordered in his direct appeal violated his due process right because of trial counsel's alleged issues — had not been exhausted in state court and would be the subject of a future application for post-conviction relief.  In short, what petitioner now attempts to characterize as a procedural error is actually just an effort to raise an issue not previously presented.  As such, the present petition must be dismissed absent authorization from the Court of Appeals.

**IV.  Conclusion**

The court concludes that petitioner's motion is a second or successive habeas petition, not a true Rule 60(b) motion.[1]  As a second or successive habeas petition, the court must determine whether to dismiss the petition for lack of jurisdiction or transfer it to the Tenth Circuit Court of Appeals.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Given the nature of the allegations in the petition and petitioner's sentence, the court concludes that transfer is appropriate.  Accordingly, petitioner's motion [Doc. #127], construed as a second or successive petition for habeas relief, is **TRANSFERRED** to the Unites States Court of Appeals for the Tenth Circuit for consideration by that court.

**IT IS SO ORDERED**.

Dated this 13th day of September, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *The court has considerable doubt whether relief would be warranted even if petitioner's current motion was treated as a Rule 60 Motion.  The OCCA's application of res judicata to the most recent post-conviction application appears consistent with its own prior practice and is otherwise unremarkable.  The circumstances here bear little resemblance to the extraordinary circumstances in Cruz v. Arizona, 598 U.S. 17 (2023), upon which the petitioner relies.*